UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THE UNITED STATES OF AMERICA,

                          Plaintiff,

      v.                                                 **DECISION AND ORDER**
                                                               19-CR-170-A

ANGEL-LIA CRAWFORD, *et al.*,
                          Defendant.
_____

      Defendant Angel-Lia Crawford faces trial on criminal charges that she obstructed justice and made material false statements during a grand jury investigation of the July 1, 2019 murder of Joshua Jalovick, a federal witness and informant she had been dating. Specifically, defendant Crawford is charged in three Counts of a Second Superseding Indictment with:

> (1) obstruction of justice in a federal grand jury investigation on or about April 29, 2020, in violation of Title 18, United States Code, Section 1512(c)(2);
>
> (2) obstruction of justice during a federal grand jury investigation on or about April 29, 2020, in violation of Title 18, United States Code, Section 1503; and
>
> (3) making false declarations under oath in a proceeding before a federal grand jury on or about April 29, 2020, in violation of Title 18, United States Code, Section 1623(a).

Dkt. No. 70. Two co-defendants are charged with shooting and killing Jalovick and with other drug- and firearms-related offenses. *Id*.

      Defendant Crawford has objected to a Report, Recommendation and Order of Magistrate Judge Michael J. Roemer that denied her pretrial motion to suppress certain data and evidence purporting to show the location of her cell phone around the time of

1

the murder of Jalovick.  Dkt. No. 159.  The cell phone location data and evidence tend to corroborate other evidence that the defendant was present when Jalovick interacted with one of his alleged murderers approximately 15 minutes before the murder, although the defendant denied it during grand jury testimony.

For the reasons stated below, the Court denies defendant Crawford's motion to suppress.  In addition, the Court affirms the Magistrate Judge's order denying her motion pursuant to Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals*, *Inc.*, 509 U.S. 579 (1993), for an evidentiary hearing on the admissibility of any evidence based upon the cell phone location data and for an *in limine* ruling barring admission of that evidence at trial.

## BACKGROUND

The United States intends to offer into evidence at trial location data for defendant Crawford's cell phone it obtained from Google through the testimony of Special Agent Michael Hamilton of United States Secret Service.  The Google data generally purport to show the location of the defendant's phone by reference to longitude and latitude at specific times, and it includes a margin of error calculated in meters referred to as the display radius for the each location and time.  Using that data and some mapping software, Special Agent Hamilton has plotted the phone's location on a map or maps of the vicinity of the Jalovick murder around the time of the murder.  The agent would explain the map or maps.

Google maintained location records for defendant Crawford's cell phone based upon signal contacts with Wi-Fi, GPS, and handset systems[1].  The United States obtained the records from Google pursuant to a search warrant for its servers for historical location data linked to the defendant's telephone number and e-mail address.

## DISCUSSION

Defendant Crawford argues that Special Agent Hamilton's testimony about the Google cell phone location records and any map or other demonstrative or illustrative exhibit derived from those records should be suppressed as unreliable.  The defendant has not challenged the validity of the search warrant pursuant to which the Google records were obtained, however, and she does not argue that the records were obtained or derived from information obtained by the United States in violation of any of her constitutional or statutory rights.  Specifically, she alleges no violation of her Fourth Amendment right against an unreasonable search or seizure, *see e.g.*, *Mapp v. Ohio*, 367 U.S. 643 (1961), no violation of her Fifth Amendment right against self-incrimination, *see e.g.*, *Miranda v. Arizona*, 384 U.S. 436 (1966), and no violation of her Sixth Amendment right to counsel, *see e.g.*, *Michigan v. Harvey*, 494 U.S. 344 (1990).  Further, the defendant alleges no violation of any other right that could give rise to suppression, *see e.g.*, 18 U.S.C. § 2518(10)(a) (statutory exclusion of evidence derived from an illegal wiretap order).  In short, the defendant raises no factual or legal basis for application of an exclusionary rule and a suppression remedy.  Upon the *de novo* standard of review pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Crim. P. 59(b), the

---

[1]  The United States represents that no cell-site data are included in the Google location data, so it appears that only limited telephone network systems data, if any, is at issue in the objections and appeal before the Court.

3

Court therefore adopts the recommendation of the Magistrate Judge to deny the defendant's motion to suppress.

Instead of invoking an exclusionary rule, defendant Crawford argues that Special Agent Hamilton's testimony about the Google cell phone location records would involve expert testimony under Fed. R. Evid. 702 and that the testimony would be too unreliable to be admissible under the familiar standard in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).  In essence, the defendant seeks an *in limine* ruling that testimony and exhibits derived from the Google cell phone location data is too imprecise to be admissible at trial under Fed. R. Evid. 702.

The United States counters that Special Agent Hamilton's anticipated testimony about his use of the Google cell phone location data is not expert testimony because it does not involve scientific, specialized, or technical knowledge.  The agent would testify only that he used the Google data as the source of points of latitude and longitude, and the display radii, at specific times to make a map or maps showing where the cell phone was located at relevant times[2].  Contrary to the assumption of the defendant, the agent has not calculated where the cell phone was located in relation to telephone network signal-towers, Wi-Fi access points, or GPS satellites.  The United States contends the agent's testimony is therefore not subject to Fed. R. Evid. 702 and *Daubert*.

The United States acknowledges a related evidentiary issue embedded in defendant Crawford's *Daubert* arguments, however.  Whether the Google cell phone location data, or a map derived from it, is admissible during the trial will depend on whether the requirements of Fed. R. Evid. 901(a) are satisfied by a showing that the

---

[2] It appears the agent would also testify about images from various surveillance cameras that purportedly show the defendant in proximity to where the Google data show her cell phone was located to corroborate the accuracy of the location evidence.

4

location data is what it purports to be. In other words, is there evidence that the Google data actually show where the defendant's cell phone was located at certain times that is sufficient under Rule 901 for the data and evidence derived from it to be admissible?

The United States has undertaken to provide a summary of a Google witness' anticipated testimony on the Rule 901 question and acknowledges that defendant Crawford will be able to challenge the relative accuracy of the location data before the data and testimony or an exhibit based upon it is presented at trial. The United States has not acknowledged, however, that the Google witness' testimony may involve specialized knowledge that may require a *Daubert* hearing in connection with an authenticity determination by the Court under Fed. R. Evid. 901(a) or other potential evidentiary issues.

After the Magistrate Judge considered the arguments of the parties, he concluded that defendant Crawford was incorrect when asserting that Special Agent Hamilton's testimony about the Google location data would be expert testimony subject to Fed. R. Evid. 702 and *Daubert*. The Magistrate Judge nevertheless recognized that technical issues involving Google's use of historical Wi-Fi data to locate the cell phone may require expert foundational testimony about the Google data even though the issue was not argued by the defendant and even though the issue is not yet ripe for a possible *Daubert* hearing and resolution by the Court. The Magistrate Judge ordered expert disclosure with respect to a prospective Google witness by April 1, 2021.

The Court's review of the Magistrate Judge's order denying defendant Crawford's motion for a *Daubert* hearing and for exclusion of the cell phone location evidence at trial is by the clearly erroneous or contrary to law standard of review under 28 U.S.C.

§ 636(b)(1)(A) and Fed. R. Crim. P. 59(a).  *See e.g., United States v. USPlabs, LLC*, 2019 WL 499101 *5-6 (N.D. Tex. 2019).  The defendant did not file a reply memorandum in support of her appeal of the Magistrate Judge's order that was due on or before March 18, 2021.  And although more than two weeks have passed since the United States' supplemental expert disclosure regarding the anticipated testimony of a Google witness regarding the cell phone location data was to be disclosed, the defendant has not challenged the sufficiency of that disclosure or of the foundation for the data and potential testimony and exhibits derived from the data.

The Court has concluded that oral argument of defendant Crawford's appeal of the Magistrate Judge's *Daubert* order is unnecessary.  After due consideration of the defendant's and the United States' arguments, the Court finds no error of fact and no ruling contrary to law in the Magistrate Judge's order.  The denial, without prejudice, of the defendant's *Daubert* challenge the admissibility of the cell phone location evidence is therefore affirmed.

The United States did not cross-appeal the Magistrate Judge's order requiring expert disclosure by the United States by April 1, 2021, with respect to the authenticity and accuracy of the Google cell phone location data.  If the parties dispute the adequacy of the United States' expert disclosure, or dispute whether the cell phone location data or evidence derived from it are admissible under the Fed. R. Evid. 901(a) and (b)(9), *see e.g., Espinal-Almeida*, 699 F.3d 588, 612-13 (1st Cir. 2012) (GPS data), the parties shall bring the dispute to the Court's attention for resolution far enough in advance of trial so as not to delay the trial.

6

## CONCLUSION

For the reasons stated by the Magistrate Judge in his Report, Recommendation and Order, Dkt. No. 159, and in this Decision and Order, defendant Angel-Lia Crawford's motion to suppress cell phone location evidence based upon Google data linked to her telephone number and e-mail is denied.  In addition, the Magistrate Judge's order denying defendant Crawford's motion pursuant to Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), for an evidentiary hearing on the admissibility of that evidence, and for an *in limine* ruling excluding that evidence from admission at trial, Dkt. No. 159, is affirmed.

  **SO ORDERED.**

              __*s/Richard J. Arcara*_____
              HONORABLE RICHARD J. ARCARA
              UNITED STATES DISTRICT COURT

Dated:  May 3, 2021